UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANGEL SUERO, : | |
|     Petitioner, : | |
| : | PRISONER CASE NO. |
| v. : | 3:08cv311 (JCH) |
| : | |
| WARDEN DZURENDA and : | JULY 6, 2009 |
| CHRISTINA SCATENA, : | |
|     Respondents. : | |

**RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 8)**

    The petitioner, Angel Suero, is a Rhode Island-sentenced inmate currently confined at the Garner Correctional Institution in Newtown, Connecticut, pursuant to the Interstate Corrections Compact.  Suero brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] challenging his Rhode Island conviction.  Respondents argue that the Petition should be dismissed or transferred to Rhode Island.[2]

    In 1993, Suero abducted a twelve-year-old girl at knife-point and sexually assaulted her.  On March 4, 1996, after a jury trial in Rhode Island state court, Suero was convicted of kidnapping a minor, first degree child molestation, and assault with a dangerous weapon.  On May 17, 1996, he was sentenced to life imprisonment on the child molestation charge and a consecutive twenty year sentence on the kidnapping and assault charges.  See State v. Suero, 721 A.2d 426, 427 (R.I. 1998); Resp'ts'

---

[1] Suero submitted a petition pursuant to 28 U.S.C. § 2241.  Because he is a state-sentenced prisoner, however, he should have filed a petition pursuant to 28 U.S.C. § 2254, which specifically addresses habeas petitions filed by persons in custody pursuant to state court convictions.  See 28 U.S.C. § 2254.  Thus, the court construes the petition as filed pursuant to the section 2254.

[2] Because the court dismisses the Petition on the merits, it declines to address whether venue would more properly lie in Rhode Island.

Mem., Ex .1 at 1-2, 12.

While incarcerated, Suero set his mattress on fire.  In June 1997, Suero was indicted on one count of arson by a person in custody.  In September 1999, he pled nolo contendere to an amended charge of malicious destruction of property and was sentenced to a one year term of imprisonment to be served consecutive to the child molestation, assault, and kidnapping sentences.  See Resp'ts' Mem., Ex. 3 at 1, 5.  Also while incarcerated, Suero threw urine and liquid from his toilet at correctional officers.  In September 1997, Suero was charged with two counts of assault with a dangerous substance.  Suero pled nolo contendere to four counts of simple assault and was sentenced to four concurrent sentences of one year each, to be served consecutive to the child molestation, assault and kidnapping sentences and concurrent to the malicious destruction of property sentence.  See id. Ex. 5 at 1-2, 6.  Suero has not challenged the accuracy of this record.

In the Amended Petition, Suero lists the instant case (his federal habeas petition) as the conviction under attack.  He also states, however, that he pled not guilty, appealed his conviction in Rhode Island, and has served thirteen years of his sentence.  In his original petition, Suero listed the child molestation case.  In addition, the only reported appeal is in the child molestation case and that is the only case where Suero pled not guilty and for which he was sentenced to more than thirteen years.  The court assumes that Suero continues to attack the same sentence in his Amended Petition, the child molestation case.

Petitioner appears to assert the same claim on three grounds.  He alleges that, after he had served three years of his sentence, he received a letter stating that he was

2

released.  The letter was taken from his cell the following day.  In the original Petition, he answered the question whether he was presently serving a sentence imposed for a conviction other than the one under attack in the petition in the affirmative, saying he was serving "4 months from 1 year march 8 it end."  Pet., Doc. #1 at 2.  The court construed these allegations as a claim for release because the sentence ended.

The grounds for relief appear to address a one-year sentence.  The court can discern no possible challenge to either his conviction or the life plus twenty years sentence for child molestation, assault and kidnapping.  Thus, Suero does not appear to have correctly identified the conviction he challenges.  If the Petition could be construed as arguing that Suero completed the sentence of life plus twenty years, he would not have been entitled to release because he has consecutive sentences to serve.

If Suero is challenging one of the one-year sentences he received, those sentences will not commence until after he completes the sentence of life plus twenty years.  Thus, none of those sentences could be completed at this time.  In addition, if Suero were serving another sentence before the life plus twenty years sentence commenced, he would not be entitled to release from prison because of the consecutive sentences.  Suero's request for immediate release is denied.  The court can discern no viable claim for release from custody.

The Amended Petition for writ of habeas corpus (Doc. No. 8) is DENIED.  The court concludes that Suero has not shown that he was denied a constitutionally or federally protected right.  Thus, any appeal from this order would not be taken in good faith.  Accordingly, a certificate of appealability will not issue.  The Clerk is directed to

enter judgment and close this case.

**SO ORDERED**.

Dated this 6th day of July 2009, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge